IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHVILLE DIVISION

|  |  |  |
|---|---|---|
| Donna Sue Neira | ) | C. A. No: Case 1:20-cv-294 |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | JURY TRIAL DEMANDED |
|  | ) |  |
| Goodfella's Pizza, Inc. and Aaron Fox | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants | ) |  |

## COMPLAINT

COMES NOW Plaintiff, Donna Sue Neira, by and through her undersigned counsel, and files this her Complaint.

## PARTIES

1. Plaintiff is a United States citizen and resident of South Carolina. At all times relevant to this Complaint, Plaintiff was a resident of Clyde, Haywood County, North Carolina.

2. Defendant Goodfella's Pizza, Inc. (hereinafter "Goodfella's") is a South Carolina corporation, and is licensed to do business in North Carolina.

3. Goodfella's operates numerous Domino's franchise stores throughout North Carolina, South Carolina and Tennessee and at all times relevant to this Complaint, owned, operated and managed a Domino's restaurant located at 337 Walnut St., Waynesville, North Carolina. The acts and omissions giving rise to this Complaint and causes of action occurred in North Carolina.

4. Defendant, Aaron Fox (hereinafter "Fox") is individually liable because at all times relevant to this Complaint, he was an owner of substantial interest in Goodfella's, served as officer of the entity, and held managerial responsibilities and substantial control over the terms and conditions of Plaintiff's employment, including the ability to grant of deny Plaintiff the right to take leave under the FMLA.

5. This Court has jurisdiction over the claims and causes of action raised in this Complaint pursuant to 28 U.S.C. §1331.

6. Venue is proper in this judicial district because Defendants havesubstantial business contacts in this district, and because the unlawful acts alleged herein occurred substantially in Haywood County, North Carolina.

7. At all relevant times, Defendants were an "employer" within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2611(4)(A).

8. At all relevant times, Plaintiff was an "employee" within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2611(2)(A).(hereinafter "FMLA")

## FACTUAL ALLEGATIONS

9. Plaintiff was first employed by Defendants in approximately February 2018. Plaintiff was assigned to the Defendants Waynesville store. Plaintiff was employed as a full time employee working over 40 hours per week.

10. In May 2019, Plaintiff was employed as the General Manager of the Waynesville location. At that time, Plaintiff's direct supervisor was District Manager Monica Maxwell.

11. Upon information and belief, in 2019, Defendants operated four stores in Asheville, North Carolina and one store in each of the following North Carolina towns: Sylva, Franklin, Cherokee, Canton, and Hendersonville. In 2019, Defendants also operated stores in Pigeon Forge, Gatlinburg and Sevierville, Tennessee. Upon information and belief, at all times relevant to this Complaint, Defendants employed over 50 employees within a 75 mile radius of the Waynesville store.

12. In the Spring of 2019, Plaintiff had several people who were very close to her die. These deaths caused Plaintiff a great deal of stress and anxiety and question her desire to continue in her role as General Manager. Plaintiff discussed her feelings with District Manager Monica Maxwell. As a result of these discussions, Maxwell told Plaintiff she could step back to a role as an Assistant General Manager.

13. In a text message on May 23, 2019, Plaintiff informed Defendants she was "putting in my 2 week's notice. My last day will be June 5th, 2019 as general manger." Plaintiff was confirming her decision to accept the less stressful role as Assistant General Manager.

14. On May 31, 2019, Plaintiff had a doctor's appointment with Mission Health-Orthopedics and Sports Medicine in Franklin, North Carolina. During her appointment, Plaintiff was informed by her physician that she need surgery on her foot. Plaintiff would need to be absent from work because of the surgery and for time to recover from the surgery.

15. Following her doctors visit on May 31, 2019, Plaintiff had a text message exchange with Defendant Fox regarding her need for time off under the FMLA because of the surgery. During this text message exchange, Plaintiff requested the necessary FMLA

paperwork to be sent to her so it could be completed and submitted to support her request for time off under the FMLA.

16. On May 31, 2019, Fox responded and told Plaintiff he would have Human Resources contact her on June 3, 2019 and send her the necessary paperwork.

17. Human Resources never contacted Plaintiff.

18. On June 3, 2019, Monica Maxwell telephoned Plaintiff and scheduled a meeting for June 4, 2019.

19. On June 4, 2019 Plaintiff met with Maxwell at the Waynesville store. During the meeting, Maxwell told Plaintiff she was terminated.

20. Defendants actions have been willful, wanton and in reckless disregard of the rights of Plaintiff.

## COUNT I- VIOLATION OF FMLA-INTERFERENCE WITH FMLA RIGHTS

21. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

22. Defendants prevented Plaintiff from taking her lawfully permitted FMLA leave under 29 U.S.C. § 2612(a)(1)(A).

23. Defendants denied, interfered with, and restrained Plaintiff from the lawful exercise of her substantive rights provided under the FMLA, denying her request for FMLA leave, and failing to provide her notice explaining why and an opportunity to cure any deficiencies in her documents requesting FMLA leave.

24. Plaintiff has suffered damages because of Defendants willful and unlawful conduct.

## COUNT II
### (Violation of FMLA - Retaliation)

62. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

63. Defendants were well aware that Plaintiff had suffered a qualifying event under the FMLA with her serious health condition, her need for surgery.

64. Plaintiff was unlawfully terminated in retaliation for attempting to take her lawfully permitted FMLA leave to have surgery on her foot..

65. Plaintiff engaged in protected activity by requesting the paperwork so she could apply for an FMLA leave and Defendant took an adverse action against Plaintiff by unlawfully terminating her instead of permitting her to take FMLA leave.

66. Defendant's adverse employment action was causally connected to Plaintiff's protected activity, as shown by the proximity in time between the protected FMLA qualifying event and her termination.

67. Plaintiff has suffered damages because of Defendants' unlawful conduct.

68. Defendants' violation of the FMLA, 29 U.S.C. § 2615(a)(2), by retaliating against Plaintiff because she engaged in protected activity under the FMLA, was willful and/or lacking of good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

(1) A judgment requiring Defendant to reinstate Plaintiff to the position she held prior to her unlawful termination or to a comparable position with the same or equal salary, wages, bonus compensation, and all employment benefits;

(2) A judgment awarding Plaintiff lost wages, including front pay, lost employment benefits, and any other compensation denied or lost because of Defendant's violation of the FMLA;

(3) A judgment awarding Plaintiff liquidated damages for Defendant's violation of the FMLA;

(4) An Order that the costs of this action be taxed against Defendant;

(5) An Order awarding Plaintiff reasonable attorneys' fees;

(6) Pre-judgment and post-judgment interest calculated at the prevailing legal rate;

(7) An Order granting any other necessary or appropriate relief to which Plaintiff is entitled under the law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury in this matter.

Respectfully submitted,

/s/ Jacob J. Modla
Jacob J. Modla
N.C Bar. ID No: 17534
The Law Offices of Jason E. Taylor P.C.
115 Elk Ave.
Rock Hill, SC 29730
T: 803-328-0898
E-Mail: jmodla@jasonetaylor.com

October 12, 2020                                ATTORNEY FOR PLAINTIFF